UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FAIR HOUSING CENTER OF
SOUTHEAST & MID MICHIGAN, INC.,

    Plaintiff,                                       Civil Action No. 20-CV-10491

vs.                                            HON. BERNARD A. FRIEDMAN

ERIE INVESTMENTS NO. 15, LLC, and
MICHAEL O'LYNNGER,

    Defendants.

_____/

**OPINION AND ORDER GRANTING
PLAINTIFF'S MOTION FOR ALTERNATE SERVICE**

This matter is presently before the Court on plaintiff's motion for alternate service [docket entry 9]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide this motion without a hearing. For the reasons stated below, the Court shall grant the motion.

Plaintiff Fair Housing Center of Southeast & Mid Michigan, Inc. commenced this action in February 2020. The complaint alleges that defendants Erie Investments No. 15, LLC, and Michael O'Lynnger own and operate the Red Lion Apartments in Ypsilanti, Michigan, where they have "a policy . . . of automatically excluding any prospective tenant . . . if a felony appears on the prospective tenant's background check." Compl. ¶¶ 3, 7. This policy allegedly affects prospective African-American tenants disproportionately, in violation of the Fair Housing Act and the Elliott-Larsen Civil Rights Act. *Id.* ¶¶ 22, 56-72. Among other relief, plaintiff seeks an injunction prohibiting defendants from enforcing their "No Felony Conviction policy." *Id.* p. 20.

In July 2020, plaintiff filed a motion to extend the service period. Plaintiff

indicated in that motion that

> 2. On March 2, 2020 counsel for the plaintiff mailed the summons and complaint to a process server (Exhibit 1; Affidavit of Pamela Donohue).
>
> 3. Counsel for plaintiff's office received notice from the process server that the individual defendant, who is also the corporation's resident agent, was in South Carolina on vacation.
>
> 4. The pandemic then hit, and the defendant Michael O'Lynnger, based on his communication with the process server, indicated that he could not return to Michigan because of the state's lockdown due to the pandemic. He also informed the process server that he was trying to get back to Michigan and as soon as he was able to return, he would accept service of the summons and complaint.

Pl.'s Mot. to Extend Time to Serve the Summons and Compl. at 1. The Court granted this motion and extended the service period until September 22.

> In the motion now before the Court, plaintiff's counsel's secretary avers that
>
> 2. On March 2, 2020 I mailed . . . two copies of the Summons and Complaint to Lawyer's Support Services, LLC in Commerce Michigan for them to serve Michael O'Lynnger, individually and as the resident agent of Erie Investments No. 15, LLC. I also mailed a copy of the Summons and Complaint by first class mail to the defendants.
>
> 3. I spoke with the process server at Lawyer's Support Services, LLC, on several occasions. He informed me that Mr. O'Lynnger was vacationing in South Carolina, that the lock down of Michigan due to the pandemic has made it difficult for him to return to Michigan, and that he would contact the process server when he was back in Michigan to take service of the documents.
>
> 4. On July 30, 2020, I sent another agency, AGLS Process Serving & Court Services, all documents to be served on Mr. O'Lynnger personally, and as the resident agent of Erie Investments No 15, LLC.
>
> 5. On August 14, 2020, I checked with the process server who stated, "he may be avoiding. The subject's home is secured with

>an intercom/camera and huge gate at the front of his driveway, no response at the intercom. The gate has been open on 2 attempts but no response as there is also a camera doorbell, no response at the door. The server has left notes, no response yet." (Exhibit 1) The process server also sent out for a postal check of Mr. O'Lynnger through the U.S. Postmaster, however no response from the post office has been returned to them so far.

Donohue Aff. ¶¶ 1-5. The process server has also submitted an affidavit detailing her repeated efforts to serve defendants at O'Lynnger's home address (4430 Dow Ridge Road, Orchard Lake, Michigan) on five occasions, at various times of the day and evening, throughout August 2020.

The Court is satisfied that plaintiff has made a diligent, good faith effort to serve defendants personally and that alternate service, in a "manner reasonably calculated to give the defendant[s] actual notice of the proceedings and an opportunity to be heard," should be permitted. Mich. Ct. Rule 2.105(I)(1). Accordingly,

IT IS ORDERED that plaintiff's motion for alternate service is granted. Plaintiff may, within fourteen days of the date of this order, serve defendants with process by (1) mailing a summons and a copy of the complaint, and a copy of this order, to each defendant by first class mail, and (2) mailing a summons and a copy of the complaint, and a copy of this order, to each defendant by certified mail, return receipt requested, and (3) tacking a summons for each defendant and a copy of the complaint, and a copy of this order, onto defendant O'Lynnger's front door or, if the gate to the property is closed, onto the gate.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated: September 21, 2020     SENIOR UNITED STATES DISTRICT JUDGE
Detroit, Michigan

3